UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK HOLT**                                         **CIVIL ACTION**

**VERSUS**                                               **NO.: 12-2241**

**BURL CAIN, WARDEN**                                    **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court is Petitioner Derrick Holt's ("Petitioner") Objections (Rec. Doc. No. 15) to Magistrate Judge Wilkinson's Report and Recommendation (Rec. Doc. No. 14), recommending denial and dismissal with prejudice of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2254. Accordingly, and for reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 14) are **ADOPTED,** overruling Holt's objections to same**,** and that Holt's application for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On May 1, 2008, a jury in Jefferson Parish found Petitioner, Derrick Holt, guilty as charged on two counts of second degree murder in violation of R.S.14:30.1. (Rec. Doc. 14 at 7). Petitioner's motion for a new trial was denied, and he was

sentenced to two life terms in prison at hard labor without the benefit of parole, probation, or suspension of sentence. *Id.* The court also denied Petitioner's motion to reconsider the sentences. Petitioner then appealed to the Louisiana Fifth Circuit, which affirmed the decision on May 26, 2009. *Id.* at 8.

Petitioner then sought timely rehearing, which the Louisiana Fifth Circuit refused on July 6, 2009. *Id.* at 9. On March 26, 2010, the Louisiana Supreme Court denied Petitioner's timely writ application without stating reasons. *Id.* Because Petitioner did not file a writ application with the United States Supreme Court, his conviction became final 90 days later on June 24, 2010. *Id.*

On March 16, 2011, Petitioner applied for post-conviction relief to the state trial court, which was ultimately denied on the merits on June 13, 2011. *Id.* at 11.

On July 7, 2011, Petitioner submitted a timely writ application to the Louisiana Fifth Circuit seeking review of the trial court's denial. *Id.* Because Petitioner failed to attach required documents to the application, it was also denied on July 26, 2011. *Id.*

On August 26, 2011, Petitioner submitted a writ application to the Louisiana Supreme Court seeking review of the Louisiana Fifth Circuit's July 26, 2011 denial. *Id.* While that application was

pending, Petitioner submitted another writ application to the Louisiana Fifth Circuit, which the appellate court refused to consider on December 28, 2011, regarding the application as a second request for rehearing. *Id.* at 12.  On May 4, 2012, the Louisiana Supreme Court denied Petitioner's pending writ application. *Id.*

On September, 14, 2012, Petitioner filed the instant *habeas corpus* petition in this court, claiming: 1) the trial court erred in failing to give the requested jury instruction regarding self-defense; 2) the trial court's reasonable doubt jury instruction was improper; 3) the erroneous jury instructions were not harmless; 4) the trial court erred in allowing inadmissible hearsay testimony; 5) ineffective assistance of counsel on four occasions; and 6) the trial court erred in failing to give a jury instruction on the responsive verdict of negligent homicide. *Id.* at 13.

The state responded that Petitioner's claims are not eligible for federal review because the petition was untimely and all of Petitioner's claims are in procedural default. *Id.*

Petitioner replied to the State's contentions, asserting that he is entitled to statutory tolling up until the date that he received the Louisiana Supreme Court's ruling, rather than the date of its decree on May 4, 2011. (Rec. Doc. No. 10 at 2)  Petitioner also claimed that the Louisiana Fifth Circuit should have

disregarded his initial application for writ submitted on July 7, 2011 because the trial court granted him a 30-day filing extension two weeks after its submission on July 20, 2011.  *Id.* at 3.

In response, the state argued that because Petitioner has failed to demonstrate any exceptional circumstances, he is not entitled to any further statutory tolling. (Rec. Doc. 13 at 2)  The State did not address Petitioner's contention regarding the filing extension.  *Id.*

After reviewing the petition and the state's response, the Magistrate Judge recommends denying the application as untimely because it was filed after the expiration of the AEDPA one year limitation period. (Rec. Doc. No. 14).  Petitioner filed objections to this recommendation on March 12, 2013. (Rec. Doc. No. 15).

**LAW AND ANALYSIS**

**A. Standard of Review**

   **1. Review of Magistrate's Recommendations**

When a timely objection is made to the Magistrate's findings, the district court will make a *de novo* determination of the relevant portions of the report. 28 U.S.C. § 636 (b)(1)(2009).  The district court judge may accept, reject, or modify the findings and recommendations of the magistrate. *Id.* The district court may also

request more evidence or remit the matter back to the magistrate with additional instructions. *Id.*

### 2. Applicable Law

Petitioner's original writ for federal *habeas corpus* review under 28 U.S.C. § 2254 was filed with this Court on September 16, 2012. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")revised *habeas corpus* legislation, and governs this petition as it arises after the effective date of AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (*citing Lindh v. Murphy*, 521 U.S. 320 (1997)).

AEDPA restricts the time period for filing a federal *habeas corpus* action to one year from the date the conviction became final. 28 U.S.C. § 2244(d)(1); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). AEDPA also requires that a petitioner exhaust all state court remedies and must not be in "procedural default" on a claim in order to be eligible for federal review. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997).

### B. Timeliness of *Habeas* Petition

Upon finding that the Petitioner's claims were time-barred, the Magistrate Judge did not address the Petitioner's substantive claims. (Rec. Doc. No. 15). The Magistrate found that the one-

5

year statute of limitations established by AEDPA had expired prior to Petitioner's filing for *habeas* relief; and therefore, correctly recommended that the application be denied.  *Id.*  The Magistrate Judge also considered Petitioner's application to the Louisiana Supreme Court to be untimely, thereby putting Petitioner's claims in procedural default in state court.  While a finding of procedural default does adjust the calculation of the limitation period for tolling purposes, it does not affect the untimeliness of Petitioner's federal application. Because Petitioner's application is untimely notwithstanding a finding of procedural default, it is not necessary to consider whether Petitioner had defaulted in state court.

The application for federal habeas relief is subject to a one-year period of limitation.  28 U.S.C. § 2244 (d)(1)(2009).  The one-year statute of limitations begins to run upon the date the conviction becomes final by the conclusion of direct review or the expiration of the time for seeking further review. *Id.*  A state judgment becomes final in Louisiana when the Louisiana Supreme Court denies an application for writ. La. C. Cr. P. 922 (D)(2012). The petitioner then has ninety days from the date of the denial of the state's highest court to file an application for writ with the Supreme Court of the United States. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); U.S. Sup. Ct. R. 13.1.

The Louisiana Supreme Court denied Petitioner's application on March 26, 2010. (Rec. Doc. No. 14).  Petitioner had ninety days from that date to apply for writ with the United States Supreme Court.  Petitioner did not do so, and his conviction became final on June 24, 2010.  Therefore, the one-year statute of limitations mandated by AEDPA began to run on that date.

**1. Equitable Tolling**

Petitioner's time to file his federal habeas petition would have expired on June 24, 2011 if no tolling of the limitations period had taken place.  However, legislation and jurisprudence recognizes two forms of tolling—-equitable and statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 (2005).

To be eligible for equitable tolling, a petitioner must show that he "pursued his rights diligently," and that some rare or "extraordinary circumstance stood in his way." *Id.* at 418.  The Magistrate Judge properly concluded that no such circumstances existed in this case.  While Petitioner contends that the 2-day weekend between the prison's receipt of the Court's judgment and the prison's delivery of the judgment to the prisoner should not be counted against the limitation period, those circumstances do not amount to the extraordinary deception or neglect the court requires

7

to grant equitable tolling. (Rec. Doc. No. 13 at 2); *Pace* at 418.[1] The court has allowed equitable tolling only when there is a substantial delay in delivery of the judgment, such as several months. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (finding that a delay in receiving information for "months and months" may qualify for equitable tolling). While the court does recognize a "mailbox rule," that rule applies to the date on which a pro se petitioner's application is considered filed with the court, not the date on which he physically receives or is alerted to judgment from the court. *Cousin v. Lensing*, 310 F.3d 843, 847. In this case, Petitioner was granted the benefit of the mailbox rule as the instant petition was considered filed on August 16, 2012 which was the day he signed and submitted the petition to prison officials. (Rec. Doc. No. 14 at 14). Because no exceptional circumstances inhibited petitioner's application, equitable tolling does not apply.

**2. Statutory Tolling**

AEDPA Section 2244(d)(2) provides for statutory tolling during the period in which "a properly filed application for post-conviction or other collateral review, with respect to the

---

[1] *See Holland v. Florida*, 130 S.Ct. 2549, 2574-75 (2010)(equitable tolling was warranted where attorney actively ignored client's filing requests and communications for years); *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)("A garden variety claim of neglect does not support equitable tolling")

pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2)(2006). An application is considered to be "pending" for tolling purposes as long as the "ordinary collateral review process is 'in continuance'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); or until "further appellate review [is] unavailable under Louisiana's procedures." *Williams v. Cain* 217 F.3d 303, 310 (5th Cir. 2000). [2]

Petitioner's application was pending state court review from the time that he filed his petition for post-conviction relief to the state trial court on March 16, 2011.  Therefore, statutory tolling began on that date.  At that time, 264 days of the limitations period had already run between the date Petitioner's conviction became final and the date statutory tolling began; and 101 days remained before the limitations period expired.  The magistrate did not grant statutory tolling during the time petitioner's application to the Louisiana Supreme Court was pending because she found the application to be untimely–not "properly filed"–and thereby ineligible for the tolling provision. (Rec. Doc. No. 14 at 21).  However, the Magistrate Judge correctly points out that even if that application to the Louisiana Supreme Court was considered "properly filed" and statutory tolling was granted for that period, Petitioner's federal application was still untimely.

---

[2] "Pending" also includes the time between a state court's judgment and the filing of a notice of appeal to a higher state court when that filing conforms to procedural rules.  *Carey v. Saffold*, 536 U.S. 214, 218 (2002).

If tolling was granted, it would cease upon the date the Louisiana Supreme Court issued a judgment on May 4, 2012.[3] From that date, Petitioner had 101 days, until August 13, 2012, to submit his federal petition. The petition is untimely because it was not submitted until August 16, 2012.

Finally, considering Petitioner's additional argument regarding the deadline extension to file with the appellate court, he is not entitled to statutory or equitable tolling. The 30-day extension of the return date granted by the trial court applied specifically to petitioner's deadline to file his application to the Louisiana Fifth Circuit, not the Louisiana Supreme Court. Petitioner voluntarily submitted his application to the Louisiana Supreme Court on August 26, 2011. Recognition of the extension would not affect the day tolling ended on May 4, 2012 when judgment was issued by the Louisiana Supreme Court; nor would it affect the number of days remaining in the limitation period. Therefore, the Magistrate Judge did not err in finding the petitioner's federal application to be untimely, notwithstanding the July 20, 2011 extension.

Petitioner's claims in his Objections (Rec. Doc. No. 15) to the Magistrate's Report and Recommendation (Rec. Doc. No. 14) lack merit. The July 20, 2011 filing extension does not affect the

---

[3] *See Moreno v. Johnson*, 239 F.3d 365, 2000 WL 1741552, at *1 (5th Cir. 2000) (Table, Text in Westlaw) (once a prisoner's state petition is denied, it is no longer "pending" for purposes of tolling the AEDPA limitations period).

calculation of the limitation period; and the Petitioner is not entitled to equitable tolling for the two days between the issuance of the Louisiana Supreme Court's denial and his actual receipt of that judgment.

New Orleans, Louisiana, this 10th day of July, 2013.

**UNITED STATES DISTRICT JUDGE**